IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CV-587-BO

SATOYA LATICE WRIGHT,           )
       Plaintiff,           )
                                )
v.                              )           O R D E R
                                )
ECLERX, LLC, LAURA HOLTZ,       )
MICHAEL COLE, LUCINDA LOVE,     )
LAKENDRA DUNCAN, JOYA           )
JOHNSON, TERRANCE ANDREWS,      )
       Defendants.          )

This cause comes before the Court on defendant eClerx, LLC's motion to dismiss pursuant to Rules 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure. [DE 20]. Plaintiff, who proceeds in this action *pro se*, has failed to respond to the motion to dismiss and the time for doing so has expired. In this posture, the motion is ripe for ruling. For the reasons that follow, the motion to dismiss is granted and plaintiff's amended complaint is dismissed.

BACKGROUND

Plaintiff commenced this action by filing a motion to proceed *in forma pauperis* and attaching her complaint on November 5, 2020. [DE 1]. The motion to proceed *in forma pauperis* was granted and plaintiff was ordered to file an amended complaint. [DE 4]. Plaintiff filed her amended complaint and the magistrate judge determined that it was not frivolous. [DE 8]. Plaintiff was ordered to file completed summons for service by the United States Marshals Service. *Id.*

Plaintiff's amended complaint [DE 10] alleges claims against her former employer eClerx as well as her supervisors and co-workers for retaliatory discrimination, wrongful termination, and

sexual harassment under Title VII of the Civil Rights Act of 1964, as amended. Plaintiff also alleges a claim for invasion of privacy under North Carolina law.

Defendant eClerx, LLC appeared on February 7, 2023, and filed the instant motion to dismiss all defendants. A Rule 12 letter notifying plaintiff of her right to respond was issued by the Clerk of Court on February 8, 2023. [DE 22]. Despite being notified of her right to do so, plaintiff has failed to respond to the motion to dismiss.

## DISCUSSION

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes dismissal for lack of personal jurisdiction. When personal jurisdiction has been challenged on the papers alone, the plaintiff must make a prima facie case showing that personal jurisdiction exists, and a court construes all facts and inferences in favor of finding jurisdiction. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989).

Rule 12(b)(4) authorizes dismissal for insufficient process, or a deficiency in the content of the documents that have been served. Rule 12(b)(5) authorizes dismissal for insufficient service of process, or a deficiency in service itself. *See Washington v. Cedar Fair, L.P.*, No. 3:22-cv-244-MOC-DSC, 2023 U.S. Dist. LEXIS 16559, at *5 (W.D.N.C. Feb. 1, 2023). When a defendant moves to dismiss for either insufficient process or insufficient service of process, the plaintiff must demonstrate that service has been effected in accordance with the rules. *Elkins v. Broome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." *Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). A complaint must allege enough facts to state a claim for relief that is facially

plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). The court "need not accept the plaintiff's legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips v. Pitt County Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (internal alteration and citation omitted). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation and citation omitted). However, a court does not "act as an advocate for a pro se litigant," *Gordon v. Leeke*, 574 F.2d 1147, 1152 (4th Cir. 1978), nor is it required to "'discern the unexpressed intent of the plaintiff[.]'" *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006) (en banc)).

I. Plaintiff has failed to effect proper service on any defendant.

The docket reflects that service was returned unexecuted as to defendants Joya Johnson, Lucinda Love, and Laura Holtz. [DE 15, 16, 18]. Although the docket reflects that service was executed as to Lakendra Duncan, [DE 19], the USPS receipt shows that the summons and complaint were not delivered because no authorized recipient was available. More than ninety days has passed since the filing of the complaint, and these defendants are therefore dismissed pursuant to Rule 4(m).

Service on a corporate entity requires delivery to either an officer, managing or general agent, or another agent authorized to receive service of process, Fed. R. Civ. P. 4(h)(2), or an officer, director, or agent. N.C. Gen. Stat. § 1A-1, N.C. R. Civ. P. 4(j)(6)(c); *see also* Fed. R. Civ. P. 4(h)(1) (authorizing service on a corporate entity under applicable state rules). Plaintiff's

3

summons directed to defendant eClerx is not directed to an officer, agent, or director. She has further not responded to show why her failure to comply with the rules should be excused. Accordingly, her summons is defective and dismissal of defendant eClerx is appropriate under Rule 12(b)(4) and Rule 12(b)(2). *See Brown v. Blue Cross and Blue Shield of N. Carolina.*, 226 F.R.D. 526, 528 (M.D.N.C. 2004).

Plaintiff has further failed to comply with the service rules in serving defendants Terrance Andrews and Michael Cole. The summons issued for these defendants lists their address as the eClerx facility address. Fed. R. Civ. P. 4(e) directs that service on an individual may be effected by personal service, leaving a copy at their dwelling with a resident of that dwelling of suitable age, or delivering it to an authorized agent. The rule further permits service on an individual which complies with the applicable state law. North Carolina law also permits service on an individual at the individual's dwelling house, through an authorized agent, or by delivery to the individual. N.C. Gen. Stat. 1A-1, § 4(j).

Neither Cole nor Andrews worked at eClerx or resided there at the time plaintiff's summons were delivered. [DE 21-1 ¶¶ 7-9]. Although the delivery receipts were signed, they were signed by eClerx security guards who are not authorized agents of Cole or Andrews. *Id.* ¶¶ 4-6. Accordingly, and in the absence of any showing by plaintiff, the Court finds that service has not been properly effected on defendants Andrews and Cole and that they are properly dismissed pursuant to Rule 12(b)(5) and Rule 12(b)(2). *See Orban v. Nationwide Tr. Services, Inc.*, 5:12-CV-00016-RLV-DS, 2014 WL 6476235, at *4 (W.D.N.C. Nov. 19, 2014).

> When the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. But the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored.

4

*Armco, Inc. v. Penrod-Stauffer Bldg. Sys.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Though notified of her right to respond, plaintiff has failed to come forward to challenge dismissal for failing to follow the requirements for effecting proper service. Accordingly, all defendants are dismissed as the Court lacks personal jurisdiction over them.

II. Plaintiff has further failed to state a claim upon which relief can be granted.

Alternatively, defendant eClerx has demonstrated that plaintiff has failed to state a claim upon which relief can be granted. First, individual employees are generally not liable under Title VII. *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 181 (4th Cir. 1998); *see also Wathen v. GE,* 115 F.3d 400, 405 (6th Cir. 1997) ("Congress did not intend to provide for individual employee/supervisor liability under Title VII.").

Second, an individual alleging discrimination in violation of Title VII must first file an administrative charge with the Equal Employment Opportunity Commission (EEOC) generally within 180 days of the alleged unlawful act. 42 U.S.C. § 2000e-5(e)(1). The failure to timely file a charge with the EEOC bars the claim in federal court. *McCollough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994); *see also Ft. Bend County, Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019) (180-day time period is a mandatory prerequisite to suit but not jurisdictional).

Plaintiff was terminated from her employment on November 7, 2019, and she does not allege any actions by defendant eClerx after that date. Accordingly, her EEOC charge was required to be filed, at most, 180 days from November 7, 2019, or May 5, 2020. Plaintiff's EEOC charge was filed on May 20, 2020, after the 180-day period had expired. [DE 21-2].[1] eClerx has raised the untimeliness of plaintiff's EEOC charge and plaintiff has failed to present any

---

[1] The Court may consider documents attached and integral to the complaint, so long as their authenticity is not challenged, without converting the motion to one for summary judgment. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016).

5

argument or evidence which would support a contrary finding. Thus, the Court determines that plaintiff's Title VII claims are time-barred.

Finally, plaintiff's invasion of privacy claims fail. First, plaintiff has alleged that defendant Holtz attempted to portray plaintiff in a false light, but "North Carolina does not recognize a cause of action for the invasion of privacy by disclosure of private facts or invasion of privacy by placing a plaintiff in a false light before the public." *Burgess v. Busby*, 142 N.C. App. 393, 405 (N.C. App. 2001) (internal citation omitted).

Plaintiff also alleges that defendant Johnson invaded her privacy by attempting to watch plaintiff urinate for a drug test. North Carolina does recognize an invasion of privacy claim based upon intrusion into seclusion where there has been a physical or other type of intrusion into the private affairs or concerns of a person, if such intrusion "would be highly offensive to a reasonable person." *Miller v. Brooks*, 123 N.C. App. 20, 26 (1996) (quotation and citation omitted). Plaintiff alleges only, however, that Johnson *attempted* to observe plaintiff while plaintiff took a drug test. There are no allegations which would support a finding that Johnson actually observed plaintiff providing a sample for a drug test or that she witnessed plaintiff in any state of undress. "Generally, there must be a physical or sensory intrusion or an unauthorized prying into confidential personal records to support a claim for invasion of privacy by intrusion." *Broughton v. McClatchy Newspapers, Inc.*, 161 N.C. App. 20, 29 (2003). Accordingly, plaintiff's allegations in support of this claim are conclusory, and this claim is appropriately dismissed.

## CONCLUSION

In sum, plaintiff has failed to effect proper service on any defendant and the time for doing so has expired. She has further failed to state a claim upon which relief can be granted. Defendant

6

eClerx's motion to dismiss [DE 20] is GRANTED and plaintiff's amended complaint is DISMISSED in its entirety.

SO ORDERED, this ___ day of May 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE